## JOSIAH J. HENDERSON, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 4, 1907.

EVIDENCE: Market: Hearsay: Jury. Where witnesses called to show the price of stock on the market at a given time testify to nothing but the contents of market reports published in a trade journal, there is nothing to submit to the jury on that issue, since their testimony is hearsay and inadmissible.

Appeal from Putnam Circuit Court.—*Hon. George W. Wannemaker*, Judge.

REVERSED AND REMANDED.

*N. A. Franklin* and *Higbee & Mills* for appellant.

(1) The court erred in permitting plaintiff to testify as to the price received for his cattle and their weight from the account of sales rendered to him by his commission men in Chicago. He testified he only knew the price and weight from the sale bill. "It was the most obvious hearsay." "Nothing short of the deposition, or evidence in open court, of some one connected with the business could be admitted to prove the matters contained in this statement of account." Hoskins v. Railroad, 19 Mo. App. 319; Hess v. Railway, 40 Mo. App. 206. (2) So also, the court erred in permitting plaintiff and John Burgher to testify to market quotations from the Drovers' Journal of the morning of December 2. Hoskins v. Railway, 19 Mo. App. 320, 15 Am. and Eng. Ency. Law (2 Ed.), 309; 16 Cyc. 1214-1216.

*C. C. Fogle,* for respondent, submitted argument.

JOHNSON, J.—Action brought against a common carrier by a shipper of fat cattle to recover damages alleged to have been caused by the negligent delay of the carrier in their transportation. Plaintiff recovered judgment and defendant appealed.

Shipment was made from Coatsville, Missouri, to Chicago on December 1, 1903. The evidence introduced by plaintiff tends to show that in the usual course the cattle should have reached their destination in time for the market of the following day, but on account of a number of delays which appear to have been negligent, they did not arrive on the market until a day later. It is claimed their value was decreased by loss of weight and by depreciation in the market value of that class of cattle. On the latter issue, the only evidence offered by plaintiff consisted of the testimony of himself and that of another stockman who accompanied the shipment. Plaintiff testified: "I put my cattle on the mar-

ket the next day. They sold at four cents a pound. Q. Did you examine the market prices? A. Looked at the Drovers' Journal. Q. From what you learned of the market price, what was it on the morning of the 2nd? Defendant objects to that as hearsay. By the Court: Did you examine the Drovers' Journal for that class of cattle? A. Yes, sir, and for all of them. Defendant objects to the question as hearsay. Objection overruled. Q. What was the price of such cattle as yours on the morning of December 2nd? Objected to by defendant as hearsay. Objection overruled. A. It was from $4\frac{1}{4}$ to $4\frac{1}{2}$ was the way it stated it."

The other witness testified: "On the 3rd I examined the markets of the morning of the 2d. I found out from the Drovers' Journal and the commission men.

Q. Then what was the morning market for such cattle as these of plaintiff's on December 2nd? Defendant objects for the reason it is hearsay. Objection overruled. A. On his class of cattle, it was from 20 to 25 lower. It was a better market on the morning of December 2nd. It was from the papers I got the result. Q. How do you know it was lower? A. The papers told it. Q. What was the price per hundred on such cattle as plaintiff's on the morning market of December 2nd? A. Well, I could not say about his cattle. Q. Do you know the morning market of December 3rd? A. That is what the papers quoted it—reported it lower."

On this testimony the court submitted to the jury the issue of damages resulting from a decline in the market. This was error. The witnesses, though experienced stock men, testified to nothing but the contents or market reports published in a trade journal. Such evidence, being hearsay, was inadmissible, and, as no competent evidence was offered by plaintiff on this issue, the court should not have sent it to the jury. Recently, in Fountain v. Railroad, 114 Mo. App. 676, and 683, we had occasion to deal with evidence of this character and

we refer to the opinion in that case for a full expression of our views.

We find no other in the record, but for that noted, the judgment is reversed and the cause remanded. All concur.